**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUSTICE MICHAEL HERRON,

        Petitioner,                       Case Number: 05-CV-70806

v.                                       HON. LAWRENCE P. ZATKOFF

JERI-ANN SHERRY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Justice Michael Herron has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan, challenges his conviction for assault with intent to do great bodily harm less than murder. For the reasons set forth below, the Court denies the petition.

**I. Facts**

Petitioner's conviction arises out of an altercation with his ex-girlfriend Elizabeth Bryant. Ms. Bryant testified that, on February 27, 2002, Petitioner took her to his cousin's home in the City of Detroit. Once there, she told Petitioner she wanted to leave, but he grabbed a knife from the kitchen and forced her to stay. Petitioner then took her to a back room, where he forced her to have intercourse with him. Ms. Bryant testified that he held the knife to her neck while they were having intercourse. Ms. Bryant then fell asleep. When Ms. Bryant awoke, she noticed that Petitioner was sleeping. She testified that she then tried to sneak out of the room. Petitioner awoke before she could leave the room. He then began stabbing her. He stabbed her four times. She then hit him over the head with a bottle and he fled.

Ms. Bryant testified that an ambulance was called and she was taken to a nearby hospital. She received stitches and was then released.

Detroit Police Officer Tiffany Ray testified that she responded to the 911 call. She found Ms. Bryant in a bedroom bleeding from the arm and breast. Ms. Bryant advised Officer Ray that Petitioner had stabbed her. Ms. Bryant did not mention that she had been sexually assaulted.

Petitioner's mother, Dorothy Jackson, testified in his defense. Ms Jackson testified that, after the stabbing, Ms. Bryant informed Ms. Jackson that Ms. Bryant told police that she had been raped because she wanted to teach Petitioner a lesson.

Petitioner did not testify in his own defense.

## II. Procedural History

Petitioner was charged with first-degree criminal sexual conduct and assault with intent to commit murder. Following a jury trial in Wayne County Circuit Court, Petitioner was acquitted of the sexual assault and convicted of the lesser included offense of assault with intent to do great bodily harm less than murder. On August 30, 2002, he was sentenced to five to fifteen years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I.  There was insufficient evidence at trial to support the jury's verdict of assault with intent to do great bodily harm.

II. Defendant was denied his state and federal constitutional right to the effective assistance of counsel.

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Herron, No. 246010 (Mich. Ct. App. June 10, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Herron, No. 126574 (Mich. Dec. 29, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented on direct review in state court.

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

---

court, a determination of a factual issue made by a State court shall be presumed to be correct.

With this standard in mind, the court proceeds to the merits of the petition for a writ of habeas corpus.

### IV.  Sufficiency of the Evidence

In his first claim for habeas corpus relief, Petitioner claims that insufficient evidence was presented to sustain his conviction.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous.  28 U.S.C. § 2254(e)(1); West v. Seabold, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The last state court to issue a reasoned opinion regarding Petitioner's sufficiency of the evidence claim, the Michigan Court of Appeals, stated, in relevant part:

> When reviewing the sufficiency of evidence in a criminal case, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that each element of the crime was proved beyond a reasonable doubt. People v. Jaffray, 445 Mich. 287, 296; 519 N.W.2d 108 (1994); People v. Fetterly, 229 Mich. App. 511, 515; 583 N.W.2d 199 (1998).
>
> Defendant argues that complainant's wounds were not deep enough to indicate an intent to inflict great bodily harm, and suggests that, had he wished to inflict greater injury, he certainly could have done so.  There was evidence that defendant repeatedly stabbed complainant with a knife, said he was going to kill her, and that

      he only stopped after he hit her in the head with a bottle. This evidence is sufficient to support the jury's conclusion that defendant acted with the intent to cause serious bodily harm.

Herron, slip op. at 1.

      The Court finds this well-reasoned disposition of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law. While not citing Jackson, the Court of Appeals cited cases which clearly incorporated the Jackson standard. The Court of Appeals explained and supported its conclusion that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Petitioner has not presented any new evidence to show that the state court's findings of fact were erroneous. Therefore, according the state court's factual findings a presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that the state court of appeals' decision that all of the elements of the crime were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### V. Alleged Ineffective Assistance of Counsel

      In his second claim for habeas corpus relief, Petitioner alleges that his attorney was ineffective because she conceded in her closing argument that Petitioner was guilty of assault. Specifically, Petitioner objects to the following statement: "I'd ask if you'd consider convicting Mr. Herron solely of a count of aggravated assault or assault with a dangerous weapon." Tr., 8/14/02, p. 139.

      To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner may

show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." Id. at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005), *quoting* Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

The Michigan Court of Appeals held that counsel was not ineffective in conceding in her closing argument that Petitioner may have been guilty of assault. The Michigan Court of Appeals stated, in relevant part:

> To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. People v. Daniel, 207 Mich. App. 47, 58; 523 N.W.2d 830 (1994). Defendant must also show that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and that the proceedings were fundamentally unfair or unreliable. . . . Defendant must overcome a strong presumption that counsel's tactics were matters of sound trial strategy. . . This Court will not assess counsel's competence with the benefit of hindsight. . . .
>
> Defendant asserts that defense counsel conceded that defendant was guilty of an assault, basing this argument on the following statement in defense counsel's closing argument: "I'd ask if you'd consider convicting [defendant] solely of a count of aggravated assault or assault with a dangerous weapon." This remark was made in the context of arguing that complainant's stab wounds were not serious. Counsel's other comments in this context included the following: "I'd ask if you'd consider convicting him of the assault, but not the assault with intent to murder, because there was not assault with intent to murder. He didn't intend to kill her. He was in a fight. . . . This was a continuation from the hours of arguing the night before. And she got stabbed, and she was angry . . ."

> Defendant asserts that there was no possible strategic advantage in suggesting such an outcome to the jury. We disagree. We note that one of defendant's own witnesses testified that she heard screaming and called the police when she saw that complainant had been stabbed, and that defendant said he was sorry and "didn't mean to do it." It is not ineffective assistance of counsel for defense counsel to concede lesser crimes in hopes of avoiding a finding of guilty on greater ones. . . . Defense counsel's concession that defendant was involved in a fight was, in light of the overwhelming evidence of a fight between complainant and defendant, an inescapable conclusion. Defense counsel was not in fact conceding guilt, but instead trying to steer the jury away from the most serious of possible verdicts. Asking the jury to "consider" forms of assault less than the one with which defendant was charged was a reasonable trial strategy on these facts, and counsel's candid admission of the inevitable may well have lessened the impact of the evidence. . . .
>
> Indeed, defense counsel's representation resulted in the jury finding defendant not guilty of any form of criminal sexual conduct, and further electing to reject the charge of assault with intent to murder in favor of the lesser included offense of assault with intent to do great bodily harm. For these reasons we not only conclude that defense counsel was not ineffective, but credit defense counsel for mitigating defendant's plight perhaps as well as any advocate could have.

Herron, slip op. at 2-3.

Petitioner has failed to show that the Court of Appeals' decision was an unreasonable application of Strickland. Given the evidence against Petitioner, the Court is not persuaded that "there is a reasonable probability that," but for counsel's trial strategy, "the result of the proceeding would have been different." Strickland 466 U.S. at 694. Indeed, as observed by the Court of Appeals, Petitioner's trial attorney managed to secure an acquittal of the most serious charges against Petitioner. The Court denies habeas relief on this claim.

## VI. Conclusion

Petitioner has not established that the State of Michigan is incarcerating him in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). The decisions of the Michigan courts upholding Petitioner's convictions were neither contrary to, nor an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 19, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 19, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290